IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| CARLOS A. ROJAS-NEIRA, ) | |
| ) | Bankruptcy No. 10-01506 |
| Debtor. ) | |

### ORDER RE U.S. TRUSTEE'S MOTION TO EXAMINE COMPENSATION

This matter came before the undersigned at a hearing on August 24, 2010 on U.S. Trustee's Motion to Direct Examination of Compensation Paid to the Debtor's Counsel. This matter arose after the Court vacated its July 12, 2010 Order of Dismissal and reinstated Debtor's case. Attorney Philbert J. Turvin, counsel of record for Debtor, was served with a copy of the Order setting the hearing, but did not attend. Attorney John Schmillen appeared for the U.S. Trustee's Office. Attorney Steven Klesner appeared for and now represents Debtor Carlos A. Rojas-Neira. After hearing arguments of counsel, the Court took this matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(A) or (B).

### Statement of the Case

The U.S. Trustee requests an order directing an examination of the compensation paid to Attorney Philbert J. Turvin as Debtor's counsel. After hearing the evidence and arguments, the Court concludes that the compensation paid to Mr. Turvin should be disgorged. The Court further concludes Mr. Turvin is removed from this case and all other cases in which he has appeared as counsel in U.S. Bankruptcy Court for the Northern District of Iowa.

**Findings of Fact**

Debtor filed a voluntary Chapter 7 petition on May 28, 2010. Mr. Turvin was his counsel of record. Debtor's case was dismissed on July 12, 2010 for failure to file completed schedules and statements. Mr. Turvin also failed to comply with an order to file a disclosure of compensation.

After discovering Mr. Turvin's neglect of the case, the U.S. Trustee moved to have Debtor's case reinstated and new counsel appointed. The U.S. Trustee also requested an examination of the compensation Mr. Turvin took from Debtor.

The un-rebutted evidence offered at hearing by the U.S. Trustee indicates Debtor paid Mr. Turvin $1,400, including $800 before the bankruptcy filing. The un-rebutted evidence also shows that Mr. Turvin did little or nothing on behalf of Debtor after taking the fee.

This Court also has learned that Mr. Turvin's license to practice law in the State of Iowa is in "Retired/Inactive" status. Multiple attempts were made to contact Mr. Turvin, including phone calls, email, Electronic Court Filing, and certified mail to Mr. Turvin's last known professional address. Mr. Turvin has not been located. Attorney Steven Klesner has been retained and has agreed to represent Debtor. Mr. Klesner has already filed documents acting as Debtor's new attorney.

**Conclusions of Law**

Bankruptcy courts award fees under 11 U.S.C. § 330(a). Fees are awarded for "actual [and] necessary" services. Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004). "The bankruptcy court has broad power and discretion to award or deny attorney fees under § 330(a)." In re H & W Express Co., 2008 WL 5244924 (Bankr. N.D. Iowa 2008) (citing In re Clark, 223 F.3d 859, 863 (8th Cir. 2000)); Fed. R. Bankr. Proc. 2017.

When a fee paid to an attorney exceeds the reasonable value of services rendered, the Court may "cancel any such agreement, or order the return of any such payment, to the extent excessive, to the estate, if the property transferred (a) would have been property of the estate . . . ." 11 U.S.C. § 329(b). On its own motion, the court may, after notice and hearing, determine whether payments made to an attorney by a debtor, before or after the order for relief, are excessive. Fed. R. Bankr. Proc. 2017.

Additionally, failure to file disclosures of compensation is sufficient cause to disgorge all attorneys fees received. In re Redding, 263 B.R. 874, 880 (B.A.P. 8th Cir. 2001). The disclosure requirement of § 329 mandates the submission and filing, under Rule 2016, of a specific statement of compensation paid for services rendered in connection with or contemplation of a Debtor's bankruptcy. Id. at 878. "It is well settled that disgorgement of fees is an appropriate sanction for failure to comply with the disclosure requirements of § 329 and Rule 2016." Id. at 880.

Local Rule 2090-1(a) requires admission and good standing before the United States District Court for either the Northern or Southern District of Iowa to practice before this Court. A threshold requirement for admission in both the Northern and Southern District is admission and current good standing to practice in the State of Iowa. N.D. & S.D. Iowa L. R. 83.1.

## Analysis

Mr. Turvin did not appear at the hearing to offer any testimony, exhibits, or arguments. This Court, thus, relies upon U.S. Trustee's un-rebutted motion and exhibits. The Court also solicited and received professional statements from Attorneys John Schmillen and Steven Klesner about Mr. Turvin's whereabouts, current licensing status, and the amount and value of services he rendered to the Debtor.

The record shows Mr. Turvin prepared and filed the following: Chapter 7 Voluntary Petition and supporting exhibits; Debtors Certificate of Credit Counseling; Application to Pay Filing Fee in Installments; and Creditor Mailing Matrix.  Mr. Turvin then appears to have ceased his work for Debtor without notifying Debtor or anyone else.  The case eventually was dismissed for failure to file schedules and disclosure of compensation.  The case was only reinstated when the U.S. Trustee discovered Mr. Turvin's inaction and asked for reinstatement and appointment of new counsel.

This Court has reviewed the evidence regarding the value of Mr. Turvin's services and considered additional information offered at a hearing on this motion.  It appears Mr. Turvin's services to Debtor were of minimal value.  Both Mr. Schmillen and Mr. Klesner stated their belief that the services provided were of virtually no value to Debtor.  Given that Mr. Turvin failed to file the required disclosure statement ordered by this Court and by rule, Mr. Turvin's entire $1,400 fee is subject to disgorgement notwithstanding the value of any services he rendered to the Debtor. In re Redding, 263 B.R. at 880.  The Court finds, however, that allowance of a fee of $100 is appropriate for the initial filings Mr. Turvin prepared for Debtor.  The remaining $1,300 paid to Mr. Turvin shall be disgorged and returned to Debtor.

This Court also takes notice that Mr. Turvin's license to practice law in the State of Iowa is currently under "Retired/Inactive" status.  Mr. Turvin's license to practice in Iowa is not active. He is, therefore, not currently admitted before the United States District Courts and not eligible to practice before this Court.  Because he is not currently eligible to practice, he shall be removed from all cases in which he currently serves as counsel of record.

This Court directs the Clerk to serve a copy of this Order in closed cases in which Mr. Turvin appeared that were dismissed for failure to file documents or pay filing fees. The Clerk also

is directed to serve this Order in open cases in which Mr. Turvin has appeared and is still listed as counsel of record. The Clerk shall also serve this Order on the U.S. Trustee and Trustee Renee K. Hanrahan.

**WHEREFORE**, U.S. Trustee's Motion for Examination of Compensation Paid to Debtor's Counsel is GRANTED.

**FURTHER**, the Court orders Attorney Philbert J. Turvin to return $1,300 of the fees paid to him.

**FURTHER**, Mr. Turvin is hereby stricken as counsel of record in this case and replaced by Attorney Steven Klesner, P.O. Box 3400, Iowa City, Iowa 52244.

**FURTHER**, Mr. Turvin is removed from all cases in the U.S. Bankruptcy Court for the Northern District of Iowa in which he continues to serve as counsel.

**FURTHER**, the Clerk's Office is to serve this Order as noted above. In particular, the Clerk's Office is to send a copy of this Order to the following parties: Debtor at his last known address on file; Attorney Steven Klesner, P.O. Box 3400, Iowa City, IA 52244; Attorney Philbert J. Turvin, P.O. Box 1517, Iowa City, IA 52244; Chapter 7 Trustee Renee K. Hanrahan; and U.S. Trustee.

Dated and Entered:

September 22, 2010.

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE